## JUDGMENTS AGAINST MUNICIPALITIES FOR PROPERTY TAKEN.

Circuit Court of Hamilton County.

STATE, EX REL EDWARD M. BALLARD, SOLICITOR, V. CHARLES L. HARRISON ET AL, SINKING FUND TRUSTEES.

Decided, July 18, 1908.

*Municipal Corporations—Sinking Fund Trustees—Mandamus—Recovery of Damages for Property Taken—The Proceeding in the Nature of Condemnation.*

Mandamus will not lie to compel sinking fund trustees to pay a judgment against a municipality for land taken, the value whereof was fixed by the court in a proceeding filed by the property owner subsequent to the taking of possession by the municipality.

*Edward M. Ballard* and *Fyffe Chambers,* for relator.
*Thornton M. Hinkle* and *Alfred G. Allen,* for defendants.

This was an application for mandamus to compel the sinking fund trustees to pay a judgment against the city. The relator alleged that the city had taken possession of lands of Oliver without having appropriated the same by law or made compensation therefor; that Oliver brought suit against the city for two thousand dollars as damages for the trespass committed; that the city answered admitting that it took possession of the land as alleged, is willing to pay the value thereof upon receipt of a deed therefor, and asking the court to fix the value. The court entered a decree finding the value and ordering it to be paid to the plaintiff, Oliver, upon delivery of a deed to the city. The solicitor thereupon certified the judgment to the sinking fund trustees. They declined to pay it on the ground that they were not authorized to levy taxes to provide for judgments against the city "in condemnation of property cases," nor to pay such judgments.

SWING, P. J.; SMITH, J., and GIFFEN, J., concur.

The judgment entered against the city in favor of Oliver et al

was not in the nature of damages, but in its nature was one for condemnation. The sinking fund trustees are not permitted to pay judgments in condemnation. The writ should be refused.

---

### COMPENSATION—EVIDENCE—BILL OF EXCEPTIONS.